■ EVELYN WALSH, Respondent, v HUDSON TRANSIT LINES INCORPORATED, Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Orange County (Green, J.), dated July 23, 1982, which denied its motion to dismiss the complaint. Order affirmed, without costs or disbursements. The extreme penalty of striking a pleading for failure to comply with an order of disclosure is warranted only when the failure has been willful or contumacious (see, e.g., *Plainview Assoc. v Miconics Inds.,* 90 AD2d 825; *Ortiz v New York City Health & Hosps. Corp.,* 72 AD2d 741; cf. *Kamp v DHJ Inds.,* 75 AD2d 636). Inasmuch as plaintiff fully complied with the demands for discovery prior to the time that the motion was noticed to be heard, we cannot say that Special Term's determination consti-

tutes an improvident exercise of discretion (cf. *Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co.,* 97 AD2d 462). Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.