■ TOWN OF EAST GREENBUSH et al., Respondents, v ASHLAND CHEMICAL COMPANY, DIVISION OF ASHLAND OIL, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered May 11, 1983 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint. This is an action to recover damages to plaintiffs' pumping station caused by chlorine gas which allegedly leaked from defendant's cylinder. It appears that certain cracks in a masonry wall separating the main pumping room from the chlorine room in plaintiffs' Cross Street pumping station were repaired between two days on which defendant's expert was present for the purpose of conducting tests in discovery proceedings. Since plaintiffs' earlier motion for a protective order seeking to prevent the discovery and inspection had been denied, defendant made the instant motion seeking the sanction of either dismissal of the complaint or an order that the issue of the cause of the chlorine damage be resolved in favor of defendant (see CPLR 3126). It is from this latter order denying the motion for sanctions that defendant has appealed. Initially, we reject plaintiffs' contention that defendant was required to have obtained an order for discovery pursuant to CPLR 3124 before sanctions for failure to comply could be sought under CPLR 3126. The 1978 amendment was specifically enacted to permit the imposition of CPLR 3126 sanctions for noncompliance with either an order or a notice for discovery and inspection (L 1978, ch 42; see, also, *Greuling v Breakey,* 56 AD2d 540; *Goldner v Lendor Structures,* 29 AD2d 978). However, we nonetheless hold that Special Term did not abuse its discretion in denying the imposition of CPLR 3126 sanctions. The record discloses, and it is not disputed, that defendant actually was physically present in the premises on three separate occasions. On March 12, 1982, defendant's expert inspected the chlorine room and observed specific cracks on the wall separating that room from the main pumping room. On January 25, 1983, the building was damaged when struck by a truck. On February 9, 1983, 11 months after the initial inspection, defendant's expert again returned and unsuccessfully attempted to conduct a smoke test. On February 10, 1983, certain repairs to the masonry were made in the normal course of operation of the pumping station. When defendant's expert returned a third time on March 7, 1983 to inspect and test, he observed that certain cracks in the wall had been filled by employees performing maintenance repairs. CPLR 3126 sanctions clearly require a willful refusal on the part of the adverse party to disclose information before the drastic remedy of dismissal or defense preclusion will be ordered (*Queens Farms Dairy v Consolidated Edison Co.,* 63 AD2d 696, 698). The moving party's affidavit must prove conclusively that the failure to disclose was deliberate and contumacious (Durst, Fuchsberg and Kleiner, Modern New York Discovery, § 16:7, p 397). From this record, it does not appear that plaintiffs' conduct has risen (or sunk) to the level required to support the sanctions sought by defendant. Nearly one year elapsed between defendant's initial observation of cracks in the wall and its return to test and reinspect those cracks. There is no proof that those cracks filled or repaired by plaintiffs were the same ones defendant sought to test. Moreover, extensive smoke testing was performed by defendant with plaintiffs' co-operation. Nor is there anything to prevent defendant's use of photography, sketches and expert testimony to demonstrate the existence of the cracks and their potential as a source of the problem upon trial. Upon these facts, it cannot be said that Special Term abused its discretion in denying

defendant's motion. Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.