■ Cozy Williams, Respondent, v Adrian R. Coren, Appellant, et al., Defendants.—In a medical malpractice action, defendant Coren appeals (1) from an order of the Supreme Court, Nassa County (Levitt, J.), dated March 20, 1984, which denied his motion to strike the complaint for plaintiff's failure to comply with certain disclosure proceedings, and (2) as limited by his brief, from so much of an order of the same court, dated June 4, 1984, as, upon reargument, adhered to its original determination.

Appeal from the order dated March 20, 1984 dismissed, without costs or disbursements. That order was superseded by the order dated June 4, 1984, made upon reargument.

Order dated June 4, 1984, affirmed, insofar as appealed from, without costs or disbursements, on condition that plaintiff pays appellant $250 within 30 days after service upon her of a copy of the order to be made hereon, with notice of entry; in the event that condition is not complied with, order reversed, as a matter of discretion, with costs, order dated March 20, 1984 vacated, and motion to strike the complaint granted.

We do not find that the plaintiff has acted in a willful or contumacious manner to frustrate or thwart the disclosure sought so as to warrant the imposition of a sanction specifically set forth in CPLR 3126 (cf. Kramme v Town of Hempstead, 100 AD2d 447, 451). However, under the circumstances of this case, including the dilatory tactics employed by the plaintiff, the sanction imposed is warranted. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.