■ PATRICK J. PERRITT, Respondent, v SMITHTOWN GENERAL HOSPITAL et al., Defendants, and WARREN WEBER, Appellant. (And a Third-Party Action.)—In a medical malpractice action, the defendant Weber appeals from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated January 11, 1985, which, inter alia, granted the plaintiff's motion for leave to enter a default judgment against him and denied his cross motion to dismiss the complaint insofar as it is asserted against him.

Order affirmed, with costs.

On the record before us, Special Term properly ordered the answer of the defendant Weber stricken. Weber had failed to comply with an order of the same court (Doyle, J.), dated June 21, 1984, which, *inter alia,* directed him to supply the plaintiff with the report of a certain physician. Weber also failed to comply with a further order of the same court (Doyle, J.), dated October 22, 1984, which, *inter alia,* directed him to serve said report within five days of service upon him of the plaintiff's doctor's narrative report, and the plaintiff's authorization for the release of the records of the plaintiff's doctor. The order dated October 22, 1984 made it clear that upon Weber's failure to comply therewith, the plaintiff's motion to strike his answer "shall be deemed granted". Weber also failed to comply with this later order. He continued in his default even when all doubt as to the meaning of the order dated October 22, 1984, was removed in a decision of the same court dated November 27, 1984.

We agree with Special Term's finding that Weber's failure to comply with the orders of the court and to provide the report was willful, and, therefore, it was proper to impose the aforementioned sanctions. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.