■ MARION MILLER et al., Appellants, v JIM J. DUFFY et al., Respondents.—In an action, *inter alia,* for a judgment declaring that an offering plan to convert certain residential premises to cooperative ownership was fraudulently declared effective, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated April 23, 1985, which denied their motion pursuant to CPLR 3126 to strike the defendants' answer on the ground of the defendants' failure to respond to interrogatories served by them and for summary judgment on their behalf.

Ordered that the order is modified by adding a provision thereto that the motion is denied on condition that each defendant personally pay $500 (for a total of $1,500) in sanctions to the plaintiffs, that each defendant serves an amended answer to the plaintiffs' interrogatories on behalf of that defendant individually, and that the defendants provide the plaintiffs with a copy of the cooperative offering plan, and that, in the event those conditions are not complied with, the motion is granted and the defendants' answer is stricken. As so modified, the order is affirmed, with costs to the plaintiffs. The defendants' time to comply with the aforenoted conditions is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

In an attempt to comply with an order of the Supreme Court, Kings County (Bernstein, J.), dated November 26, 1984, the defendants, on or about December 27, 1984, forwarded to the plaintiffs' attorney a check for costs and served their answers to the plaintiffs' interrogatories. The plaintiffs' counsel returned the check and rejected the proffered answers as "cursory, superficial, incomplete and unresponsive to the interrogatories and/or instructions preceding the interrogato-

ries". The plaintiffs thereupon moved for an unconditional order imposing sanctions against the defendants for failing to respond to interrogatories duly served and awarding the plaintiffs summary judgment.

It is well settled that the overriding goal of CPLR article 31 is not punitive but, rather, the liberal and full disclosure of all evidence which is material and necessary or relevant to the issues to be tried (see, Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406-407; Baker v General Mills Fun Group, 101 Misc 2d 193, 197). Moreover, trial courts are vested with broad discretion in supervising disclosure and their determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR must not be disturbed absent a clear abuse of discretion (see, Zletz v Wetanson, 67 NY2d 711, 712; Associated Mut. Ins. Co. v Dyland Tavern, 105 AD2d 892, 893).

The record before us reveals no such clear abuse of discretion. The fact that the plaintiffs were dissatisfied with the answers proffered by the defendants is an insufficient basis upon which to conclude that the defendants willfully and contumaciously failed to comply with a court order compelling disclosure (see, Zletz v Wetanson, supra; Delaney v Automated Bread Corp., 110 AD2d 677, 678). Under the facts and circumstances of this case, we conclude that the defendants should be afforded a final opportunity to satisfactorily comply with the disclosure requested within the time we have prescribed. However, the order denying the plaintiffs' motion has been modified to impose certain conditions upon the denial of the plaintiffs' motion.

In the event the defendants fail to so comply, their answer shall be stricken. Niehoff, Weinstein and Spatt, JJ., concur.

Thompson, J. P., dissents and votes to reverse the order appealed from and grant the motion, with the following memorandum. I cannot agree with my colleagues in the majority that the imposition of a financial sanction against the defendants is adequate, under the circumstances of this case, to remedy his disregard of the plaintiffs' disclosure requests and of specific judicial directives seeking the defendants' compliance therewith. The conduct which warrants the imposition of the most stringent sanctions is not simply the defendants' failure to fully and completely answer the plaintiffs' interrogatories; rather, it is the defendants' repeated failure to produce the offering plan to convert the premises known as 839 Carroll Street to cooperative ownership. It is this latter conduct which fully supports a finding of a deliber-

ate and contumacious failure to comply with disclosure thereby warranting the application of the extreme penalty of striking their answer. Accordingly, I dissent and vote to reverse the order appealed from and to grant the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answer.

In this action, *inter alia,* for a judgment declaring that a cooperative conversion plan was invalidly and fraudulently declared effective, the plaintiffs properly served interrogatories upon the defendants (CPLR 3130, 3131). In addition to requesting answers to the written interrogatories, the plaintiffs demanded, *inter alia,* a copy of the cooperative offering plan. The defendants failed to respond to the interrogatories, thereby prompting the plaintiffs to move for the imposition of sanctions pursuant to CPLR 3126. The plaintiffs' motion was disposed of by a "so ordered" stipulation which, *inter alia,* extended the defendants' time to answer the plaintiffs' interrogatories.

Upon the defendants' continued failure to respond to the interrogatories, the plaintiffs moved pursuant to CPLR 3126 to strike the defendants' answer for failing to answer the interrogatories within the time period prescribed by the stipulation. In opposition, the defendants claimed that certain key documents needed to complete the interrogatories, particularly the offering plan, were unavailable because they had been submitted to the Appellate Term, Second and Eleventh Judicial Districts, as exhibits in a separate action. Special Term (Bernstein, J.), by order dated November 26, 1984, conditionally granted the plaintiffs' motion to strike unless the defendants served the answers to the interrogatories and paid the plaintiffs $250 on or before December 30, 1984. In reaching its determination, Special Term rejected as "patently insufficient and contrived" the defendants' excuse for failing to serve their answers.

Thereafter, the defendants forwarded to the plaintiffs' attorney a check in the stipulated amount and their answers to the interrogatories. Despite the plaintiffs' request that the interrogatories be answered and verified by each of the defendants separately, only the defendant Jim Duffy answered and verified the interrogatories. In addition, the defendants still did not produce the offering plan. The counsel for the plaintiffs returned the check and rejected the answers as "cursory, superficial, incomplete and unresponsive". The plaintiffs then moved for an unconditional order striking the defendants' answer. In opposition, the defendants again asserted that the

offering plan was unavailable because it had been submitted as an exhibit on the Appellate Term matter. Special Term (Hurowitz, J.), by order dated April 23, 1985, denied the plaintiffs' motion. This appeal ensued.

I have no quarrel with the proposition that where the circumstances warrant such relief, monetary sanctions may be imposed in lieu of the sanctions specified in CPLR 3126 for refusal to comply with an order of discovery or a refusal to disclose (see, e.g., Williams v Coren, 112 AD2d 419; Gabrelian v Gabrelian, 108 AD2d 445, 448). Unlike the majority, however, I do not view the imposition of sanctions, under the circumstances of the matter at bar, as an appropriate judicial response to the defendants' failure to comply with a court order directing the production of the offering plan.

The defendants' lack of compliance and evasiveness is evident in two respects. First, they failed to submit answers as to each defendant; and second, they ignored a court directive ordering the production of the offering plan. In explaining the latter defect, the defendants offered an explanation identical to that which had been specifically rejected by Justice Bernstein at Special Term. In refusing to impose sanctions, Justice Hurowitz, in rendering the order before us on appeal, effectively overruled the order of Justice Bernstein. In my opinion, it was inappropriate for Justice Hurowitz to effectively reconsider and reverse a determination of a justice of coordinate jurisdiction (see, Ricco v Deepdale Garden Apts. Corp., 113 AD2d 822, 825). The prior conditional order involved an exercise of discretion, appropriate in directing the course of litigation, and should not have been disturbed. I believe that the defendants' deliberately dilatory and evasive conduct deserves the imposition of an unconditional granting of the motion and I simply cannot agree that a monetary sanction will produce the desired result of full disclosure contemplated by CPLR article 31.