◼ GAYLORD BROS., INC., Respondent, v RND COMPANY, Appellant. (Appeal No. 1.)—Order and Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: It was an abuse of discretion for the court to strike defendant's answer and grant judgment to plaintiff for the total amount demanded in the complaint because of defendant's failure to produce certain requested documents as previously ordered.

While the relief granted to plaintiff is a sanction available to the court upon defendant's failure to comply with court-ordered disclosure (CPLR 3126 [3]), it is a harsh remedy that is generally not warranted "absent a showing that the non-complying party's conduct was willful or contumacious" (Sawh v Bridges, 120 AD2d 74, 78; see also, Miller v Duffy, 126 AD2d 527, 528; Delaney v Automated Bread Corp., 110 AD2d 677, 678). "CPLR 3126 sanctions clearly required a willful refusal on the part of the adverse party to disclose information before the drastic remedy of dismissal or defense preclusion will be ordered" (Town of E. Greenbush v Ashland Chem. Co., 99 AD2d 604; see also, Miller v County of Orange, 120 AD2d 713, 714). Even in cases where the failure to disclose has been willful, courts have required that the tactics engaged in be "blatantly contumacious" before imposing the ultimate penalty of striking a pleading (Spancrete Northeast v Travelers Indem. Co., 99 AD2d 623, 624). The striking of a pleading is usually reserved for the case in which the noncomplying party has engaged in a pattern of "dilatory and obstructive conduct" (Horowitz v Camp Cedarhurst, 119 AD2d 548, 550) intended to frustrate the disclosure scheme provided by the CPLR (Zletz v Wetanson, 67 NY2d 711, 713).

In the case at bar, defendant's failure to turn over the documents in question was by no means willful, much less contumacious. Defendant forwarded the original documents to its attorney, in whose office they were lost. In its memorandum decision, the court below acknowledged as much. Plaintiff concedes, in its brief, that there was no willful or deliberate destruction of documents. Defense counsel promptly informed the court of the loss of the documents and provided documentary evidence to support the explanation for his inability to produce the material requested. Although plaintiff should not be penalized by defendant's inability to produce the ordered

documents (production of which was never objected to by defendant), consideration should be given to the effect that failure to obtain the documents would have on plaintiff's case. The general rule is "that the demanding party should not be granted more relief for nondisclosure than is reasonably necessary to protect legitimate interests" *(Oak Beach Inn Corp. v Babylon Beacon,* 62 NY2d 158, 166-167, *cert denied* 469 US 1158). Striking defendant's answer in this case provided plaintiff with more relief than was necessary to protect its interests.

On remittitur, the court should fashion a more reasonable remedy for defendant's inability to produce the requested documents which, in its view, would be just and proper under the circumstances *(see,* CPLR 3126).

We further observe that the court erred by ordering that judgment be entered for the full amount demanded in the complaint. Only where damages sought are for a sum certain, such as actions on money judgments and negotiable instruments, may the court order judgment entered following a default for the amount demanded in the complaint. In a case such as this where "the damages sought cannot be determined without extrinsic proof," an inquest must be ordered *(Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572). (Appeal from order and judgment of Supreme Court, Onondaga County, Lynch, J.—discovery; strike answer.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.