■ REMUNERATION PLANNING & SERVICES CORP. et al., Respondents, v BERG & BROWN, INC., et al., Appellants.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on February 25, 1988, which granted plaintiffs' motion to strike defendants' answer, affirmative defenses and counterclaim, ordered that the matter be placed on the Inquest Calendar and vacated the mechanic's lien filed by defendants, is unanimously modified on the law to the extent of reinstating defendants' answer and first, third, fourth and fifth affirmative defenses, vacating the direction that the matter be placed on the Inquest Calendar, and otherwise affirmed, without costs or disbursements.

The instant action involves a claim for damages in the sum of $500,000 against defendants, building contractors, asserting breach of contract and negligence for the failure to complete construction and renovation of plaintiffs' premises under a contract between the parties herein. Defendants' answer and counterclaim denied plaintiffs' allegations and interposed seven affirmative defenses and a counterclaim. Thereafter, defendants filed a mechanic's lien against plaintiffs in the amount of $37,000. Following certain discovery proceedings, plaintiffs served a demand for a bill of particulars relating to defendants' affirmative defenses and counterclaim. Defendants moved for an order vacating or modifying the demand for a bill of particulars, while plaintiffs sought an order under Lien Law § 38 for an itemized statement with respect to the mechanic's lien. The Supreme Court subsequently directed defendants upon their stipulation to serve a bill of particulars and respond to the Lien Law § 38 demand.

When defendants failed to comply with the foregoing, plaintiffs moved for dismissal of the answer, affirmative defenses and counterclaim, and defendants finally submitted a bill of particulars and an itemized statement pursuant to Lien Law

§ 38. Some two months later, they served a supplemental bill of particulars and a supplemental itemized statement. In response, plaintiffs, not content with the information provided, demanded discovery and inspection of the documents and memoranda referred to in the supplemental bill of particulars. Although defendants did not produce the subject material by the date specified, they claimed to be "in the process of searching for the documents requested" and agreed to turn them over shortly. The promised material was not produced on the stated date. However, the following week, defendants claimed that they would make their payroll records available for inspection and that other items sought by plaintiffs are "routinely destroyed". Defendants also attached approximately 85 pages of papers consisting primarily of purchase orders and invoices. Plaintiffs did not consider defendants' response satisfactory, and at a pretrial conference, another stipulation resulted pursuant to which defendants agreed to produce the requested documents and information within 20 days. Defendants thereupon submitted a further supplemental bill of particulars, which was also deemed to be noncomplying by plaintiffs, who again moved for an order striking defendants' answer, affirmative defenses and counterclaim. The court, after hearing oral arguments in connection with the motion, granted it, and defendants have appealed.

The law is settled that an action should, if at all possible, be resolved on the merits and that the drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order or request is appropriate only where the moving party conclusively demonstrates that the nondisclosure was willful, contumacious or due to bad faith *(Gaylord Bros. v RND Co.,* 134 AD2d 848; *Dauria v City of New York,* 127 AD2d 459; *Miller v Duffy,* 126 AD2d 527; *Delaney v Automated Bread Corp.,* 110 AD2d 677; *Bassett v Bando Sangsa Co.,* 103 AD2d 728). In that regard, an examination of the record herein does not reveal an adequate basis for striking either defendants' answer or their first, third, fourth and fifth affirmative defenses.

Since defendants were not directed to serve a bill of particulars concerning their first affirmative defense of failure to state a cause of action, that defense should not have been stricken. However, the fact that defendants neglected to particularize their second affirmative defense, alleging that plaintiffs Remuneration Planning & Services Corp. and Planning Plus, Ltd. are improper parties herein, despite the existence of extensive discovery proceedings, does suggest bad faith. As for

the third, fourth and fifth affirmative defenses, defendants' failure to further detail these claims does not indicate willful or contumacious behavior or bad faith. Defendants have urged that they lack knowledge as to certain information being sought or that requested material was not available and plaintiffs have not established this to be false. The mere "fact that the plaintiffs were dissatisfied with the answers proffered by the defendants is an insufficient basis upon which to conclude that the defendants willfully and contumaciously failed to comply with a court order compelling disclosure" *(Miller v Duffy, supra,* at 528). The failure of defendants to particularize the sixth affirmative defense, which asserts an absence of liability on the part of the individual defendants, is, as with the case of the second affirmative defense, unwarranted after such a protracted period of time and, thus, appears to be willful and contumacious. Finally, the Supreme Court properly struck the seventh affirmative defense, joined with the counterclaim, in that defendants' refusal or inability to justify the $37,000 demanded supports the conclusion that the counterclaim was made in bad faith. Finally, the answer should be reinstated in view of the reinstatement of some of the affirmative defenses. Concur—Murphy, P. J., Kupferman, Carro, Milonas and Smith, JJ.