(July 9, 1990)

■ LINDA D. ANZALONE and Another, Infants, by Their Father and Natural Guardian, JAMES ANZALONE, Respondents, v SCIENTIFIC EXTERMINATING SERVICES CORP. et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendants Scientific Pest Control Corp., sued here as Scientific Exterminating Services Corp. and Scientific Termite-Proofing Corp. appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), dated July 21, 1988, which denied their motion for a final order of preclusion and for summary judgment dismissing the plaintiff's complaint.

Ordered that the order is modified, by adding a provision thereto conditioning the denial of the appellants' motion on the plaintiffs' attorney personally paying $1,000 to the appellants; as so modified, the order is affirmed, without costs or disbursements, and the plaintiffs' attorney's time to personally pay the $1,000 is extended until 30 days after service upon him of a copy of this decision and order with notice of entry.

The Supreme Court properly exercised its discretion in denying the appellants' motion. CPLR 3126 (3) affords the court discretion in imposing sanctions upon a party for refusal to comply with an order to disclose. The plaintiffs served the bill of particulars approximately 90 days following an order directing them to serve the bill within 45 days. The record indicates that the delay was the result of plaintiffs' counsel moving his law office and was not the result of willful or contumacious behavior *(see, Gaylord Bros. v RND Co.,* 134

AD2d 848). Moreover, since the order directing them to serve a bill of particulars within 45 days was not in the form of a conditional order of preclusion, it was appropriate for the court to find that the short delay did not justify granting summary judgment against the plaintiffs *(see, Perritt v Smithtown Gen. Hosp.*, 122 AD2d 256).

However, in view of the failure of the plaintiffs' attorney to timely comply with the order to disclose we deem it appropriate to require the plaintiffs' attorney to personally pay the sum of $1,000 to the appellants. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.