■ BARRY, BETTE & LED DUKE INC., Respondent, v V.P. WINTER CORPORATION et al., Appellants.—Mahoney, J. ▮

Plaintiff commenced this action to recover damages for breach of a contract to construct a building for defendants. In his examination before trial (hereinafter EBT), Louis Chabot, an officer of defendant V.P. Winter Distributing Corporation, referred to a certain agreement between himself and a foreign company, the Rugby Portland Cement P.L.C., providing for the sale of Chabot's shares of stock in defendants. At the EBT, defendants' counsel agreed to produce the contract. The parties' interpretation of this "agreement" is disputed. Plaintiff served a notice for discovery and inspection dated January 17, 1989 containing a demand for the purchase-sale contract. Defendants never sought a protective order and indicated that they would forward the items in the demand.

On October 25, 1990 plaintiff moved to compel compliance with the notice for discovery and inspection. Although defendants advised Supreme Court that they would comply by November 30, 1990, in their November 29, 1990 formal response to the notice to produce defendants contended that the purchase-sale agreement had no relevance to this action and refused to provide a copy. Supreme Court directed defendants to comply with the notice and, upon plaintiff's subsequent motion, rejected defendants' arguments and imposed a sanction of $500. Defendants appeal.

We find no merit to defendants' contention that they were not required to produce the contract because of the agreement made between counsel at the EBT. The notice of discovery and inspection was not timely challenged and the subsequent order compelled defendants to comply with the notice of inspection. Inasmuch as that order was not appealed, any contrary interpretation of the agreement became irrelevant.

Defendants next contend that their failure to produce the single item was in good-faith reliance on the agreement between counsel. In light of defendants' explanation, and plaintiff's failure to demonstrate that defendants' nonproduction was a bad-faith, deliberate or contumacious disobedience of

Supreme Court's order, we deem a sanction to be inappropriate *(see, Town of E. Greenbush v Ashland Chem. Co.,* 99 AD2d 604). Accordingly, the order should be modified to eliminate the sanction provided, however, that defendants produce the agreement within 20 days.

Mercure, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded sanctions against defendants upon the condition that they produce a copy of the purchase-sale agreement between Louis Chabot and Rugby Portland Cement P.L.C. within 20 days of the date of this court's decision, and, as so modified, affirmed.