■ TERRI STOCKER, Individually and as Conservator of ERIC STOCKER and as Parent and Natural Guardian of DANE STOCKER, Plaintiff, v THOMAS E. RUPP et al., Defendants. AMERICAN SAFETY EQUIPMENT CORPORATION, Third-Party Plaintiff-Appellant, v WOVEN ELECTRONICS CORPORATION, Doing Business as SOUTHERN WEAVING COMPANY, Third-Party Defendant-Respondent. [647 NYS2d 607] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Defendant third-party plaintiff, American Safety Equipment

Corporation (American Safety), served a notice for discovery and inspection on third-party defendant, Woven Electronics Corporation, doing business as Southern Weaving Company (Woven), in October 1992, and a notice of examination before trial and a demand for statements, authorizations, names and addresses of witnesses, photographs, and insurance coverage in May 1993. Woven did not respond to the notices.

In August 1993 American Safety moved to compel a response or, in the alternative, for a default judgment. Supreme Court ordered Woven to respond within 60 days of service of the order. When there was no response, American Safety brought a motion in April 1994 seeking similar relief. The court again ordered Woven to comply with outstanding discovery demands. Woven also did not comply with that order, which was entered in June 1994.

In November 1995 American Safety moved for a default judgment. The court denied the motion and entered a conditional judgment against Woven unless it complied with all outstanding discovery demands within 60 days.

The extreme penalty of striking a pleading and granting a default judgment for failure to comply with an order of disclosure is warranted only when the failure has been willful or contumacious (*see, e.g., Walsh v Hudson Tr. Lines*, 98 AD2d 745). "Under the circumstances of this case, [Woven's] successive failures to respond to [American Safety's] discovery requests, as well as the court-ordered enforcement thereof, constituted the type of dilatory and obstructive conduct which justified striking its answer" (*Horowitz v Camp Cedarhurst & Town & Country Day School*, 119 AD2d 548, 550). There is no affidavit from a representative of Woven to explain why it took over three years to respond to discovery (*cf., Citibank [S.D.] v Johnson*, 206 AD2d 942). The fact that Woven changed counsel in March 1995 does not excuse its failure to respond. (Appeal from Order of Supreme Court, Erie County, Howe, J.—Strike Pleading.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.