■ LUCY CASTRIGNANO et al., Respondents-Appellants, v SOFIA FLYNN, Appellant-Respondent. [679 NYS2d 674] —In consolidated actions to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated December 8, 1997, which, upon granting that branch of the plaintiffs' motion which was for leave to renew prior motions by the defendant to dismiss the complaints, which were determined by order of the same court dated June 4, 1997, dismissing the action commenced under Putnam County Index No. 212/97, and precluding them from offering certain evidence in the action commenced under Putnam County Index No. 1401/95, vacated the order dated June 4, 1997, and consolidated the actions on condition that the plaintiffs pay a sanction, and the plaintiffs cross-appeal from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed, the motion is denied, and the order dated June 4, 1997, is reinstated; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

Although the drastic remedy of striking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful, contumacious, or in bad faith, it is equally well settled that where a party disobeys a court order, and by his or her conduct frustrates the disclosure scheme provided by the CPLR, dismissal of a pleading is within the broad discretion of the trial court (*see, Frias v Fortini,* 240 AD2d 467). Willful and contumacious conduct can be inferred from repeated noncompliance with court orders directing depositions, coupled with either no excuses or inadequate excuses (*see, Brady v County of Nassau,* 234 AD2d 408; *Garcia v Kraniotakis,* 232 AD2d 369; *see also, Stocker v Rupp,* 231 AD2d 872; *DeGennaro v Robinson Textiles,* 224 AD2d 574).

The record provides ample reason to conclude that the plaintiffs exhibited willful and contumacious conduct in repeatedly failing to have the injured plaintiff appear for a deposition, and in offering inadequate excuses for their failure. Thus, the Supreme Court improvidently exercised its discretion in granting renewal and vacating its prior order which dismissed the action commenced under Putnam County Index No. 212/97, and precluded the plaintiffs from offering certain evidence in the action commenced under Putnam County Index No. 1401/95. Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.