■ Amnon Shiboleth et al., Respondents, v Joseph Yerush-Almi et al., Appellants, et al., Defendants. Joseph Yerushalmi et al., Third-Party Plaintiffs-Appellants, v Shiboleth, Yisraeli, Roberts & Zisman, L. L. P., et al., Third-Party Defendants-Respondents. [702 NYS2d 32] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 8, 1998, which, in an action between former law partners, *inter alia*, dismissed the third-party complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about June 1, 1999, which granted plaintiffs' motion to disqualify defendants' attorney, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 16, 1999, which, *sua sponte*, struck defendants' answer, unanimously reversed, on the facts, without costs, the answer reinstated and the matter remanded for further proceedings, including determination of defendants' motions for a protective order and to compel production of documents, before another Justice.

The third-party action was properly dismissed on the ground of forum non conveniens. Although one of the third-party defendant law firms did not move for such relief, the other third-party defendants did, and all of the claims should be decided in Israel, where most of them arose, most of the witnesses are located, and the law of which applies (CPLR 327 [a]). The complaint was also properly dismissed on the basis of the agreement providing for arbitration.

Defendants' "special counsel", whose knowledge of relevant and necessary information makes it a real possibility that he will be called as a witness by plaintiffs and give testimony prejudicial to defendants, was properly disqualified (*see, Matter of Stober v Gaba & Stober*, 259 AD2d 554). However, the IAS Court acted improperly in refusing to entertain defendants' motions for a protective order and to compel production of documents, and in *sua sponte* striking their answer. There was no showing of contumacious conduct or a pattern of noncompliance by defendants, who simply expressed displeasure with the Special Referee's directives and sought a decision by the court (*see, Commerce & Indus. Ins. Co. v Lib-Com, Ltd.*, 266 AD2d 142). Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Andrias, JJ.