■ DONALD MARKS, Respondent, v WESTINGHOUSE ELECTRIC CORP. et al., Appellants. [707 NYS2d 893] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated May 12, 1999, as granted the plaintiff's motion to restore the action to the calendar and to extend his time to file a note of issue, and denied the defendants' cross motion pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, the motion is denied, the cross motion is granted, and the complaint is dismissed.

It is well established that a party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the

matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar (*see, Swedish v Bourie,* 233 AD2d 495). The plaintiff failed to meet this burden. In addition, dismissal of the complaint pursuant to CPLR 3126 was warranted given the plaintiff's repeated noncompliance with court orders and his inadequate excuses for his failure to comply with discovery demands (*see, Castrignano v Flynn,* 255 AD2d 352; *Frias v Fortini,* 240 AD2d 467). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.