(January 6, 2005)

■ WANDA IRIZARRY, Appellant, v ASHAR REALTY CORP., Respondent. [787 NYS2d 312]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered September 11, 2003, which denied plaintiff's motion to vacate a judgment of dismissal entered May 6, 2003, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion granted and the complaint reinstated on the condition that plaintiff's attorney pays defendant's attorney $2,500 within 20 days of service of a copy of this order with notice of entry.

In this action for personal injuries allegedly sustained when plaintiff slipped and fell on a piece of cardboard on defendant's property, plaintiff only provided a bill of particulars and responses to other discovery demands when defendant moved for an order of preclusion. Despite two preliminary conference orders, defendant was required to engage in a second round of motion practice to get plaintiff to respond to demands for various medical authorizations, reports and a supplemental bill of particulars. In that latter motion, defendant sought either an order to compel disclosure or dismissal of the complaint. Notwithstanding plaintiff's earlier disclosure and her counsel's representations that the outstanding disclosure had been provided defendant, albeit belatedly, the IAS court granted defendant's request to dismiss the complaint. Since "[d]ismissal is the most drastic sanction . . . we look to whether the party seeking disclosure clearly demonstrates that the failure to disclose was willful, contumacious or manifested bad faith" (*Tsai v Hernandez*, 284 AD2d 116, 117 [2001]). While plaintiff was tardy in providing disclosure, the record evidence before us does not demonstrate that defendant established the predicate required for the extreme penalty of dismissal (*see Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [2003]; *Walsh v Hudson Tr. Lines*, 98 AD2d 745 [1983]). Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.