(November 29, 2006)

■ Ronnie Green et al., Respondents, v Kingdom Garage Corporation et al., Appellants, et al., Defendants. [826 NYS2d 863]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 5, 2006 in a personal injury action. The order, insofar as appealed from, granted those parts of plaintiffs' motion seeking to strike the answer of defendant Fausto H. Guiterrez and to preclude expert testimony.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, those parts of the motion seeking to strike the answer of defendant Fausto H. Guiterrez and to preclude expert testimony are denied and that answer is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Ronnie Green (plaintiff) when an automobile struck him in a parking lot. At the time of the incident, the automobile that struck plaintiff was being remotely operated by defendant Fausto H. Guiterrez, the parking lot attendant and employee of defendant Kingdom Garage Corporation and/or defendant 135 Parking Corporation. Guiterrez

mistakenly started the automobile with its remote car starter, causing the automobile to roll forward into plaintiff. Plaintiffs' counsel sent counsel for Guiterrez a notice to take the deposition of Guiterrez and was thereafter notified that Guiterrez had been deported. Plaintiffs moved, inter alia, to strike the answer of Guiterrez for failing to make himself available for a deposition, and to preclude the testimony of a proposed defense expert on the ground of, inter alia, insufficient expert disclosure with respect to that witness.

Although the nature and degree of a sanction for a party's failure to comply with discovery generally is a matter reserved to the sound discretion of the trial court, the drastic remedy of striking an answer is inappropriate absent a showing that the failure to comply is willful, contumacious, or in bad faith (*see Andruszewski v Cantello*, 247 AD2d 876 [1998]; *Mohammed v 919 Park Place Owners Corp.*, 245 AD2d 351 [1997]; *Stocker v Rupp*, 231 AD2d 872 [1996]; *Gaylord Bros. v RND Co.*, 134 AD2d 848 [1987]). Here, plaintiffs made no showing of any such conduct on the part of Guiterrez. We therefore conclude that Supreme Court abused its discretion in granting that part of plaintiffs' motion seeking to strike the answer of Guiterrez.

The court also abused its discretion in granting that part of plaintiffs' motion seeking to preclude the testimony of the defense expert. The disclosure with respect to that witness, provided to plaintiffs by Kingdom Garage Corporation, 135 Parking Corporation and Guiterrez pursuant to CPLR 3101 (d), complies with the requirements of that statute (*see* CPLR 3101 [d] [1] [i]; *Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946 [1998], *lv denied* 92 NY2d 817 [1998]). Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.