■ SEBASTIANA PALACIOS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [856 NYS2d 95]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered August 28, 2007, which, in an action for personal injuries, insofar as appealable, denied plaintiff's motion to renew a prior order, same court (Janice L. Bowman, J.), entered January 19, 2007 (1) granting defendants' motion to dismiss the complaint because of plaintiff's failure to appear for an indepen-

dent medical examination (IME) in accordance with a prior conditional order of dismissal, and (2) denying plaintiff's cross motion to vacate the conditional order, unanimously reversed, on the facts, without costs, renewal granted, and, upon renewal, defendants' motion to dismiss denied, plaintiffs' cross motion to vacate the conditional order granted, and the complaint reinstated. Appeal from the January 19, 2007 order unanimously dismissed, without costs, as superseded by the appeal from the August 28, 2007 order.

Defendants admittedly, although claiming clerical error, continued to schedule IMEs with plaintiff after her failure to attend the June 15, 2006 IME that had been scheduled pursuant to June 1, 2006 conditional order of dismissal, during the pendency of the parties' respective motions pertaining to that order. There is a bona fide dispute whether plaintiff appeared for, but was turned away from, the first such IME, which was scheduled for September 7, 2006, the very day that the parties' respective motions were returnable, but there is no dispute that she attended two IMEs in January 2007, shortly after the action was dismissed by the January 19, 2007 order. Renewal should have been granted, and the conditional order of dismissal vacated, based on this continuing scheduling, plaintiff's ultimate compliance with her disclosure obligations, albeit belated, and the reasonable excuse for the noncompliance with the conditional order provided in plaintiff's cross motion to vacate that order, namely, the hospitalization of her daughter in June 2006, around the time of the IME that had been scheduled pursuant to that order (see *Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [2007]; *Irizarry v Ashar Realty Corp.*, 14 AD3d 323, 324 [2005]). Concur—Tom, J.P., Mazzarelli, Williams and Sweeny, JJ.