■ ROBERTA A. KANE, Individually and as Parent and Natural Guardian of SARAH ANNE KANE, an Infant, Appellant, v UTICA FIRST INSURANCE COMPANY et al., Respondents. [890 NYS2d 878]—

Memorandum: Plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for injuries sustained by plaintiff and her daughter as a result of their alleged exposure to toxic mold in their home resulting from the activity of defendant Allied Claim Services, Inc. (ACS), the claim representative of defendant Utica First Insurance Company (Utica), and defendant Enviro-Care, Inc. (Enviro-Care). Plaintiff had contacted her insurer, Utica, upon discovering that there was mold growth in her home, and ACS and Enviro-Care investigated the claim and performed work in plaintiff's home to alleviate the growth of the mold. According to plaintiff, the work performed contributed to an increased level of contamination. Upon receiving Utica's denial of her claim, plaintiff commenced this action asserting causes of action for breach of contract against Utica and negligence against all three defendants, and she sought punitive damages.

As the result of a preliminary conference, Supreme Court issued a scheduling order that required the exchange of expert witness disclosure "30 days before trial." The trial was scheduled for March 24, 2008. Prior to that date, Enviro-Care moved for an order pursuant to CPLR 3126 (2) and (3) seeking to preclude plaintiff from offering expert proof and seeking dismissal of the amended complaint against it, and the remaining two defendants joined in the motion, thereby seeking dismissal of the amended complaint in its entirety. According to Enviro-Care, the court had issued two subsequent orders, the first directing plaintiff to serve expert disclosure by December 12, 2007 and the second directing her to serve expert disclosure no later than December 31, 2007. The record, however, does not contain any such orders (*see generally* 22 NYCRR 202.12 [d]). Plaintiff served her expert disclosure on February 18, 2008.

We conclude that the court erred in granting the motion. The only discovery order in the record required expert disclosure 30 days before trial. Here, the trial was scheduled for March 24, 2008 and, as noted, plaintiff served her expert disclosure on February 18, 2008. Defendants otherwise made no showing that plaintiff refused to obey an order to disclose or willfully failed to disclose any information (*see* CPLR 3126). Thus, because plaintiff's disclosure was timely under the only scheduling order in place, there was no basis for the imposition of any sanction under CPLR 3126 and thus no basis for dismissal of the amended complaint (*see generally Green v Kingdom Garage Corp.*, 34 AD3d 1373 [2006]). Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.