■ CHEIKH SECK, Appellant, v STEVEN SERRANO et al., Respondents. [2 NYS3d 97]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 8, 2013, which, upon effectively granting renewal/reargument, adhered to its prior order granting defendants' cross motion to dismiss the complaint and denying plaintiff's motion to restore the matter to the trial calendar, unanimously reversed, on the law, the facts, and in the interest of justice, without costs, the complaint reinstated, and the matter restored to the trial calendar.

In exercising our interest of justice jurisdiction, we find that plaintiff was in substantial compliance with the court's September 2012 discovery order (see *Commerce & Indus. Ins. Co. v Lib-Com, Ltd.*, 266 AD2d 142, 145 [1st Dept 1999]). The majority of the authorizations identified in that order were provided to defendants on October 5, 2012, i.e., within eight days of the court's order, and only two authorizations were

untimely, but had been provided to defendants within less than one week after the 20-day court imposed deadline for such discovery (*see Carlos v 395 E. 151st St., LLC*, 41 AD3d 193 [1st Dept 2007]).

We note that the order was not a conditional, "self-executing" order, which required discovery to be complied with by a specific date, that becomes "absolute" on the specified date if the condition has not been met (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]). Rather, defendants were authorized to renew their application for dismissal if plaintiff failed to comply with the discovery demands by the 20-day deadline. Defendants did not so move, and months later, when they finally did, they were already in receipt of all discovery demanded pursuant to the order.

We have considered the remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Gische, JJ.