# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**11**
**CA 15-01607**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

INTEGRATED VOICE & DATA SYSTEMS, INC., DOING
BUSINESS AS COMTEL, AND COMTEL VOIP, INC.,
PLAINTIFFS-RESPONDENTS,

              V                         MEMORANDUM AND ORDER

MICHAEL GROH, FRANK LEWANDOWSKI AND AT
TECHNOLOGY, INC., DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

CHIACCHIA & FLEMING, LLP, HAMBURG (LISA A. POCH OF COUNSEL), FOR
DEFENDANT-APPELLANT MICHAEL GROH.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (KEVIN BURKE OF COUNSEL),
FOR DEFENDANT-APPELLANT FRANK LEWANDOWSKI.

SCHRÖDER, JOSEPH & ASSOCIATES, LLP, BUFFALO (LINDA H. JOSEPH OF
COUNSEL), FOR DEFENDANT-APPELLANT AT TECHNOLOGY, INC.

KAVINOKY COOK LLP, BUFFALO (KELLY E. GUERIN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered August 3, 2015. The order, among other
things, struck defendants' answers, granted a permanent injunction
against defendants, and imposed a monetary sanction against
defendants.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by reinstating the answers, vacating
the permanent injunction, and vacating the monetary sanction imposed
against defendant AT Technology, Inc., and as modified the order is
affirmed without costs.

Memorandum: Plaintiffs and defendant AT Technology, Inc. (AT)
are providers of commercial telecommunications services to businesses
in the Buffalo area. The individual defendants, Michael Groh and
Frank Lewandowski, are plaintiffs' former employees. Groh resigned
from his employment with plaintiffs and accepted a position with AT in
2012, and Lewandowski likewise did so in 2014. Shortly after
Lewandowski's departure, plaintiffs commenced this action alleging,
inter alia, that while he was in plaintiffs' employ, Lewandowski
obtained customer lists and other confidential information from
plaintiffs, which he provided to the other defendants. Among the

items of relief sought in the complaint are preliminary and permanent injunctions restraining defendants from obtaining, disclosing or utilizing plaintiffs' confidential and proprietary information, and from soliciting plaintiffs' customers or otherwise interfering with plaintiffs' relationships with their customers.

After defendants failed to respond to plaintiffs' first notice for discovery and inspection, plaintiffs moved to compel production of the requested items. Defendants did not timely respond to the motion, and Supreme Court directed the discovery process to proceed in two phases. When defendants failed to meet the deadline in the Phase Two Order, plaintiffs moved for costs and sanctions. Defendants did not timely respond to that motion, but while the motion was pending, defendants produced the items sought by plaintiffs, with the exception of an electronic device or devices, the existence of which is disputed by the parties. The court nevertheless struck defendants' answers, granted the permanent injunctions sought in the first and second causes of action, and imposed a monetary sanction against defendants collectively.

At the outset, we agree with AT that the court erred in awarding any relief against it for violating the Phase Two Order inasmuch as that order required only the individual defendants to produce the items sought by plaintiffs. We also agree with the individual defendants that the court abused its discretion in striking their answers. "Although the nature and degree of a sanction for a party's failure to comply with discovery generally is a matter reserved to the sound discretion of the trial court, the drastic remedy of striking an answer is inappropriate absent a showing that the failure to comply is willful, contumacious, or in bad faith" (*Green v Kingdom Garage Corp.*, 34 AD3d 1373, 1374). Plaintiffs made no such showing here. Indeed, apart from one or more disputed items, the individual defendants fully complied, albeit tardily, with the Phase Two Order while the motion for sanctions was pending. In addition, while those defendants engaged in dilatory conduct that prompted plaintiffs to seek the court's assistance on more than one occasion, the drastic sanction of striking their answers "provided plaintiff[s] with more relief than was necessary to protect [their] interests" (*Gaylord Bros. v RND Co.*, 134 AD2d 848, 849).

Striking defendants' answers unconditionally, moreover, was more relief than plaintiffs sought in their motion. Plaintiffs' motion for costs and sanctions, inter alia, requested an order striking the answers, "provided, however, that Plaintiffs request that this part of the motion for relief be held in abeyance pending further proceedings in this matter." In the event of defendants' continued failure, inter alia, to comply with the court's directives, plaintiffs requested that the court "immediately schedule a hearing on Plaintiffs' request for this relief," i.e., striking the answers.

Inasmuch as the court erred in striking defendants' answers, there was no basis for granting the permanent injunction sought in the first and second causes of action. We therefore modify the order by reinstating the answers, vacating the permanent injunction, and

vacating the monetary sanction imposed against AT.

Frances E. Cafarell
                                                          Clerk of the Court