■ ADELINE MCGILVERY, as Administratrix of the Estate of ETHEL DELEE, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [624 NYS2d 158] —Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about April 7, 1994, which granted plaintiff's motion to reargue, but, upon reargument, adhered to the court's prior order, entered December 6, 1993, which granted defendant's motion to preclude plaintiff from introducing any evidence regarding her decedent's medical condition and injuries allegedly sustained on September 13, 1985 and to dismiss her complaint, unanimously reversed, on the law, to the extent appealed from, as limited by appellant's brief, the December 6, 1993 order is vacated, defendant's motion is denied and the complaint is reinstated, without costs.

This action was commenced on June 30, 1986, to recover for injuries allegedly sustained by the then 72 year old Ethel DeLee on September 13, 1985, when she fell in the subway station at 34th Street and 7th Avenue. Defendant interposed an answer, as well as a demand for any medical records on July 3, 1986. On January 31, 1988, plaintiff's decedent was

deposed by defendant and, about a year later, on January 17, 1989, plaintiff decedent served defendant with a bill of particulars and copies of her medical records from Harlem Hospital. Plaintiff's decedent's also served defendant with a notice that Mrs. DeLee would be available for a physical examination on February 22, 1989, at 2:00 P.M. Defendant never responded to such notice and, on April 21, 1990, Mrs. DeLee, who was homebound during the last two years of her life, died.

Thereafter, on September 9, 1993, plaintiff served a note of issue and statement of readiness. On September 22, 1993, defendant moved to strike the case from the calendar, vacate the note of issue and statement of readiness, preclude plaintiff from introducing evidence regarding the decedent's medical condition, and direct plaintiff to provide written authorizations for the decedent's medical records at Harlem Hospital.

The basis for defendant's motion was its claim that decedent failed to submit to a physical examination in 1989, although defendant sent letters to her counsel and to a Dr. Murray Burton on March 14, 1989, advising counsel to make his client available for a physical examination with Dr. Burton and asking Dr. Burton to "contact the attorney to arrange an appointment for the claimant" and to send him a "written memo". In opposition, plaintiff's counsel affirmed that an exhaustive search failed to reveal the existence of either the March 14th letter from defendant or any communication from Dr. Burton. She also argued that defendant had completely ignored the opportunity to examine the decedent on February 22, 1989 and that, although she had previously provided defendant with the actual medical records from Harlem Hospital, she would provide written authorizations forthwith. In its December 6, 1993 order, the IAS Court granted defendant's motion, stating, *inter alia,* "Plaintiff's attorney received notice about physical. Never followed up. Plaintiff died. Case dismissed in the interest of justice."

Plaintiff then moved for reargument, claiming deficiencies in defendant's notice for a physical examination, which specified neither a date nor a time for such examination, and that there was no showing of prejudice to defendant inasmuch as the medical records previously provided to defendant rendered it "uncontrovertible" that the decedent had sustained a fractured wrist in 1985. Moreover, plaintiff argued, because Mrs. DeLee died four and a half years after the accident and was an invalid during the last two years of her life, the issue of permanency was rendered less significant and defendant had ample opportunity to question decedent in that regard during

her deposition on January 31, 1988. In response, defendant submitted a brief conclusory affidavit by one of its employees regarding its standard procedure in setting up physical examinations on its behalf. Defendant further urged that it would be prejudiced by having to rely upon hospital records, which it claimed it "has never seen before trial." In its April 7, 1994 order, the IAS Court granted reargument, but adhered to its original decision.

Despite some evidence of regular office procedure, there was insufficient proof to establish a presumption that the March 14, 1989 letter was mailed to or received by decedent's attorney. Moreover, it is well settled that the drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order or request is appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious or due to bad faith (see, Remuneration Planning & Servs. Corp. v Berg & Brown, 151 AD2d 268, 269). Defendant's letter did not comport with the requirements of either CPLR 3121 (a) or 22 NYCRR 202.17 (a), inasmuch as it failed to specify a date or time for the examination. It appears that decedent's counsel could not have complied with defendant's notice inasmuch as he never received it and, even if he had, the decedent would likely have been unable to comply with it because of her physical condition. Indeed, the record reveals that decedent was not trying to avoid an examination by defendant inasmuch as two months before defendant purportedly sent the letter, decedent served defendant with a notice that she would be available for examination on February 22, 1989, at 2:00 P.M., which notice defendant apparently chose to ignore.

It further appears that, for almost three years after issue was joined, defendant made no attempt to examine decedent, nor did it seek to enforce compliance with its notice while decedent was alive. It was not until three years after decedent had died, and two years after the administratrix had been substituted as decedent, that defendant even alleged that plaintiff had failed to comply with its notice. In the meantime, plaintiff had to seek two court orders to compel defendant to comply with her discovery requests and the parties deposed witnesses for both the plaintiff and defendant. Under the circumstances, preclusion of plaintiff's medical evidence and dismissal of the complaint was an improvident exercise of the IAS Court's discretion. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.