(June 1, 1999)

■ Burton Stopnik et al., Appellants, v Rose Nederlander Associates, Inc., et al., Respondents, et al., Defendants. [690 NYS2d 563] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 14, 1997, granting defendants' motion to dismiss the complaint based on plaintiff Burton Stopnik's failure to appear and submit to a physical examination, unanimously reversed, on the law and on the facts, and in the exercise of discretion, with costs and disbursements, the motion denied, the complaint reinstated and the matter remanded for further proceedings before a different Judge.

Burton Stopnik, the plaintiff, was injured at the Nederlander Theater when an employee of Nederlander negligently knocked him down. By preliminary conference order dated February 3, 1997, the IAS Court directed, *inter alia,* that plaintiff's deposition begin on April 14, 1997, that plaintiff be physically examined within 45 days of his deposition and that all discovery be completed by July 1, 1997. At a second preliminary conference on June 18, 1997 the court extended the July 1, 1997 deadline until September 3, 1997. That same day, plaintiff's counsel wrote to defense counsel to advise that plaintiff would be available for a physical examination between June 24 and June 27, 1997 and after July 14, 1997 but not later than July 31, 1997. Defense counsel did not respond. On August 13, 1997, having been advised that plaintiff would no longer be made available for a physical examination, defense counsel requested plaintiff's counsel to reconsider and make plaintiff available. Plaintiff's counsel denied the request the following day, claiming that, by failing to schedule a physical examination, defendants had waived their right to conduct such an examination. Thereafter, on or about August 15, 1997, defendants moved to dismiss the complaint based on plaintiff's

1

failure to submit to a physical examination. Citing its prior orders, the IAS Court granted the motion. We reverse.

It was an improvident exercise of discretion for the IAS Court to dismiss the complaint. After the court set September 3, 1997 as the deadline for completion of discovery, plaintiff's counsel advised defense counsel of a range of dates on which plaintiff would be available for a physical examination. (*See, e.g., McGilvery v New York City Tr. Auth.,* 213 AD2d 322, 323.) Defense counsel, however, made no attempt to schedule an examination on those dates or, for that matter, on any alternate date. (*Supra.*) Even if plaintiff's counsel is deemed to have violated the court's order in refusing to submit plaintiff to a physical examination after July 31, 1997, such refusal, at most, constituted a single instance of non-compliance with a directive. In such circumstances, plaintiff, who had already, in writing, offered to appear for a physical examination, could not have been willfully defiant. (*See, e.g., Cantos v Castle Abatement Corp.,* 251 AD2d 40.) The error in striking the complaint is compounded by the fact that defense counsel had failed to make any valid attempt at scheduling a physical examination. Thus, even if defendants had served a notice that triggered plaintiff's obligations under CPLR 3122 (a), and even if plaintiff had failed to respond to such notice, neither of which circumstance is the case here, the court could have excused the failure. (*Matter of Handel v Handel,* 26 NY2d 854.) On this record, there is no justification for invocation of the drastic remedy of dismissal of the complaint. Concur—Ellerin, P. J., Sullivan, Lerner and Rubin, JJ.