■ MARY G. FRANCISCO et al., Respondents, v MARIO VAZQUEZ, Defendant, and MARILYN PFEIFFER, Appellant. [756 NYS2d 643] —In an action to recover damages for personal injuries, etc., the defendant Marilyn Pfeiffer appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated May 29, 2002, which denied her motion, inter alia, pursuant to CPLR 3126 to preclude the plaintiffs from offering any evidence at trial supporting their claims of liability or damages, or opposing her defenses based upon the refusal of the injured plaintiff, Mary G. Francisco, to submit to an independent medical examination by Dr. Martin Altchek.

Ordered that the order is affirmed, with costs.

By letter dated November 19, 2001, counsel for the defendant Marilyn Pfeiffer, requested that the injured plaintiff appear for an independent medical examination (hereinafter IME) before Dr. Martin Altchek in Middletown. The attorney for the injured plaintiff objected to the request by letter dated December 10, 2001, on the grounds that the location of the proposed IME was not in reasonable proximity to the injured plaintiff's residence and that Dr. Altchek was abusive during previous IMEs. The injured plaintiff failed to appear before Dr. Altchek for an IME in Middletown. Pfeiffer then moved, inter alia, pursuant to CPLR 3126 to preclude the plaintiffs from offering any evidence at trial supporting their claims of liability or damages, or opposing her defenses based upon the refusal of the injured plaintiff to submit to an IME by Dr. Altchek. The Supreme Court denied the motion and directed that the IME take place in Dutchess County, where the injured plaintiff resides.

Contrary to the appellant's contention, the failure of the injured plaintiff to move to vacate or modify the request within 10 days does not require that she comply with the request. CPLR 3121 (a) provides that a notice of physical examination "shall specify the time, which shall be not less than twenty days after service of the notice, and the conditions and scope of the examination." Notwithstanding the fact that the Supreme Court designated the request by Pfeiffer as a notice to submit to an IME, the request did not constitute a notice of a physical examination, as it failed to specify the date, time, conditions, and scope of the examination.

The appellant's remaining contention is without merit.

Accordingly, the Supreme Court providently exercised its discretion in directing that the IME take place in Dutchess County. Altman, J.P., Smith, Luciano, Adams and Cozier, JJ., concur.