■ HAROLD ASHKENAZY, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [813 NYS2d 146]—

In an action to recover damages for personal injuries, the

defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated April 26, 2005, as denied the motion of the defendant 4-A General Contracting Corp. to dismiss the complaint insofar as asserted against it based on the failure of the plaintiff's decedent to appear for a court-ordered physical examination.

Ordered that the appeal by the defendant New York City Housing Authority is dismissed on the ground that it is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant 4-A General Contracting Corp.; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court providently exercised its discretion in denying the motion of the defendant 4-A General Contracting Corp. (hereinafter 4-A) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff's decedent failed to submit to a physical examination before her death. The drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order or request should be granted where the conduct of the resisting party is shown to be willful, contumacious, or in bad faith (see Zletz v Wetanson, 67 NY2d 711, 713 [1986]; cf. Xina v City of New York, 13 AD3d 440, 441 [2004]; Kroll v Parkway Plaza Joint Venture, 10 AD3d 633, 633-634 [2004]). Here, 4-A failed to demonstrate that the plaintiff's decedent willfully violated the court's order to appear for a physical examination since, among other things, there was no showing that it served the plaintiff's decedent with a notice of physical examination pursuant to CPLR 3121 (a) (see Francisco v Vazquez, 303 AD2d 625, 626 [2003]; Stopnik v Nederlander Assoc., 262 AD2d 1, 2 [1999]; McGilvery v New York City Tr. Auth., 213 AD2d 322, 324 [1995]).

We note that the order appealed from did not grant or deny the separate motion by the defendant New York City Housing Authority (hereinafter NYCHA) to dismiss the complaint insofar as asserted against it. Thus, the NYCHA's motion remains pending and undecided (see Katz v Katz, 68 AD2d 536 [1979]), and its appeal must be dismissed. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.