■ CRYSTAL WILLIAMS, Appellant, v SHIVA AMBULETTE SERVICE INC. et al., Respondents, et al., Defendant. [959 NYS2d 53]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered October 12, 2011, which granted defendants EMA's Ambulette Inc. and Jessica C. Postell's motion to strike the complaint and dismiss the action pursuant to CPLR 3126, unanimously affirmed, without costs.

The court did not abuse its discretion in striking the complaint and dismissing the action (*see* CPLR 3126 [3]; *see also Arts4All, Ltd. v Hancock*, 54 AD3d 286, 286-287 [1st Dept 2008], *affd* 12 NY3d 846 [2009], *cert denied* 559 US —, 130 S Ct 1301 [2010]). Plaintiff's unexplained pattern of disobeying four successive court orders and failing to timely provide discovery regarding her medical treatment, prior accidents and preexisting medical conditions involving the same body parts involved in this action demonstrated that her noncompliance was willful, contumacious and in bad faith (*see Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011], quoting *McGilvery v New York City Tr. Auth.*, 213 AD2d 322, 324 [1st Dept 1995]). Plaintiff's bad faith is further supported by the inadequacy of her initial response to the court's discovery orders, made only after plaintiff missed the deadlines of four prior court orders and defendants filed their motion for sanctions, which omitted several categories of information that had been ordered by the court, and included material, sworn statements of fact regarding her preexisting medical conditions that were later shown to be false by plaintiff's subsequent discovery response.

Were we to consider plaintiff's untimely excuse that her repeated noncompliance was caused by a medical operation, which she asserts for the first time on appeal, we would find the excuse to be without merit because it is unsupported by medical documentation or a sworn affidavit and, in any event, does not explain why plaintiff violated multiple court orders prior to the time period when she now claims to have had surgery (*see Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 222 [1st Dept 2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.