Agbo v Constantin Assoc., LLP (2022 NY Slip Op 02861)

Agbo v Constantin Assoc., LLP

2022 NY Slip Op 02861

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 653803/20 Appeal No. 15821 Case No. 2022-00009 

[*1]Adriana Agbo, Plaintiff-Respondent,
v
Constantin Associates, LLP, et al., Defendants-Appellants.

Law Office of Jack Hassid, New York (Jack Hassid of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains (Cynthia S. Butera of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about November 22, 2021, which granted plaintiff's motion for leave to file an amended complaint, and denied defendants' motion pursuant to CPLR 7503(a) and 7601 for specific performance of the third-party valuation provision in the parties' agreement, unanimously affirmed, with costs.
The motion court properly determined that ordering a third-party valuation of plaintiff's interest in the Constantin Associates, LLP (CA) partnership would not resolve all the issues raised in the complaint, and that a valuation at this stage of the dispute would only lead to more litigation and delay (Matter of Penn Cent. Corp. [Consolidated Rail Corp.],56 NY2d 120, 130 [1982]).
The motion court also properly granted plaintiff leave to file an amended complaint to add causes of action for breach of contract, breach of fiduciary duty, constructive trust and accounting, and breach of the covenant of good faith and fair dealing (see CPLR 3025[b]). Plaintiff sufficiently alleged that defendants breached the relevant agreement by failing to comply with their obligation to pay plaintiff her interest in CA upon her withdrawal from the partnership. Contrary to defendants' contention, plaintiff does not need to establish the merit of the new claim but must simply show that it is not "palpably insufficient" or "clearly devoid of merit" (Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]). As an alternative theory of liability, plaintiff sufficiently alleged that defendants breached the implied duty of good faith and fair dealing by misrepresenting the nature of the professional investigation which resulted in her receiving professional discipline for the alleged actions of others. Plaintiff also sufficiently alleged causes of action for breach of fiduciary duty and for an accounting, based on her status as a partner in CA (see generally Gibbs v Breed, Abbott & Morgan, 271 AD2d 180, 184 [1st Dept 2000]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022