LW Holdco V LLC v Puls (2023 NY Slip Op 50799(U))

[*1]

LW Holdco V LLC v Puls

2023 NY Slip Op 50799(U)

Decided on July 31, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 31, 2023
Supreme Court, New York County

LW Holdco V LLC, Plaintiff,

against
Kelly Puls, Mark Haney, Chris Lyster, Defendant.

Index No. 654747/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 were read on this motion for JUDGMENT - DEFAULT.
The following e-filed documents, listed by NYSCEF document number (Motion 005) 84, 85, 86, 87, 88, 89, 90, 92, 107, 108, 109 were read on this motion for SANCTIONS.
The following e-filed documents, listed by NYSCEF document number (Motion 006) 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 119, 122, 123, 124, 127, 129, 130 were read on this motion to AMEND CAPTION/PLEADINGS.
The following e-filed documents, listed by NYSCEF document number (Motion 007) 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 126, 128, 131 were read on this motion to AMEND CAPTION/PLEADINGS.
In this action, plaintiff LW Holdco V LLC alleges that it invested $3.2 million with Puls Haney PLLC, a law firm formerly owned by defendants Kelly Puls, Mark Haney, and Chris Lyster. In exchange for its investment, defendants agreed to provide plaintiff with an interest in potential future fees earned as a result of the successful prosecution of various oil and gas claims. The parties entered into a funding agreement and also executed a separate Guaranty agreement. Plaintiff alleges that defendants failed to prosecute the claims in a timely fashion, and thereafter, dissolved the firm. Plaintiff commenced this action against defendants as guarantors of the funding agreement for recovery of its investment.
In motion sequence 002, plaintiff moves for an order granting default judgment against defendant Haney. In motion sequence 005, plaintiff moves for sanctions against defendant Kelly Puls for noncompliance with discovery orders. In motion sequence 006, defendant Chris Lyster seeks to amend his answer to assert additional defenses and counterclaims. In motion sequence 007, defendant Kelly Puls seeks to amend his answer to assert additional defenses and [*2]counterclaims.
Motion sequences 002, 005, 006 and 007 are consolidated herein for disposition.
Motion Sequence No. 002

 Default Judgment against Haney
On an application for a default judgment, pursuant to CPLR 3215, the plaintiff must submit "proof of service of the summons and the complaint[,] . . . proof of the facts constituting the claim, [and] the default" (CPLR 3215[f]). 
Upon default, "a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages" (HF Mgt. Servs. LLC v Dependable Care, LLC, 198 AD3d 457, 458 [1st Dept 2021]; Petty v Law Off. of Robert P. Santoriella, P.C., 200 AD3d 621, 621 [1st Dept 2021] [while plaintiff must submit proof of prima facie viability of its claims, "the standard of proof is minimal"]).
Plaintiff provides proof of service of the summons and complaint through certificate of certified mail. An affidavit of service, sworn to on August 11, 2021, shows that Haney was served via certified mail at a residential address located in Fort Worth, Texas (NYSCEF doc. no. 35).
The fully executed guarantee, which is the subject of the instant suit, provides that: "[t]he guarantors irrevocably consent to the service of process out of any of the aforementioned courts by the mailing of copies thereof by registered or certified mail, postage prepaid, to such party at the address set forth below its signature to this guarantee " Haney purportedly signed the guarantee on August 6, 2018, and provided an address of 500 ThrockMorton, No.1408, Ft. Worth, TX 76102.
"Under the Civil Practice Law and Rules, the preferred methods of personal service on an individual are by delivering the summons to the defendant (see CPLR 308[1]), or by delivering the summons to a person of suitable age and discretion and mailing another copy of the summons to the defendant's last known residence or actual place of business (see CPLR 308 [2]). If service cannot be affected by those methods "with due diligence," CPLR 308(4) permits mailing the summons either to the defendant's last known residence or actual place of business (CPLR 308 [4])" (McSorley v Spear, 50 AD3d 652, 653 [2nd Dept 2008]).
The affidavit of service, which provides proof of service of the summons and complaint through certified mail at the address consented to by Haney, satisfies the requirements of CPLR 308 (4).
As to the merits, plaintiff submits the complaint and documentary evidence consisting of an affidavit of service, the investment agreement, Christopher Hagale's affidavit, Scott Danner's affidavit, the Puls Haney firm budget, and various correspondence between the parties (NYSCEF doc. nos. 41-49). The documentary evidence, in combination with Mr. Hagale's affidavit, provides sufficient basis for proof of the claims. "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney" (CPLR 3215 [f]). 
Finally, the federal and state Soldiers' and Sailors' Civil Relief Act requires that, before a default judgment can be entered against a natural person who has otherwise not answered or appeared in an action or proceeding, the party seeking to enter the default judgment must submit an affidavit to the court showing that the defaulting party is neither in active military service nor dependent on anyone else who is (50 USC App § 520[1]; Dep't of Hous. Pres. & Dev. of City of [*3]New York v W. 129th St. Realty Corp., 9 Misc 3d 61, 62 (App. Term 2005); citing, Citibank, N.A. v McGarvey, 196 Misc 2d 292 (Civ. Ct. 2003).
Here, plaintiff submits the affidavit of Scott Danner, Esq., who affirms that a search was conducted as to the military status of defendant Haney, and Haney was not located as an active servicemember (NSYCEF doc. no. 51, para. 3).
Where, as here, Haney was served with the summons and complaint and has failed to appear for more than thirty days as required by statute, proof that Haney is not an active member of the military was provided as required by the United States Soldiers and Sailors Relief Act of 1940, and proof of a meritorious claim as against Haney was submitted, a finding of default against Haney is proper. Plaintiff's motion for default judgment against defendant Haney is granted.

Motion Sequence Nos. 005 & 007

 Sanctions Against Defendant Puls and Puls' Motion to Amend
CPLR 3101 requires full disclosure of all matter material and necessary in the prosecution or defense of an action. The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v. Crowell-Collier Publishing Co., 21 NY2d 403).
CPLR 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." The failure to comply with discovery, particularly after a court order has been issued, may constitute "dilatory and obstructive, and thus contumacious, conduct warranting the striking of [a party's pleading]" (Kutner v Feiden, Dweck & Sladkus, 223 AD2d 488, 489 [1st Dept 1998]).
Defendant Puls was served with discovery demands in December of 2021. On May 19, 2022, this court held a preliminary conference. The preliminary conference order set the deadline for document production and answers to interrogatories as June 27, 2022 (NYSCEF doc. no. 24). Thereafter, the deadline for document production and interrogatories was extended to July 28, 2022 (NYSCEF doc. no. 72). On August 1, 2022, Puls provided responses and objections to plaintiff's demands, but failed to produce any responsive documents (Pltf. Memo. of Law, NYSCEF doc. no. 85, pg. 4).
A compliance conference was held on August 16, 2022, and this court directed all parties to complete document production by August 31, 2022 (NYSCEF doc. no. 83). Defendant Puls failed to abide by that order and produce any responsive documents (Pltf. Memo. of Law, NYSCEF doc. no. 85, pg. 4-5). A
A status conference was held on September 27, 2023. At the conference, defendant Puls' failure to provide discovery responses was discussed. Puls requested an extension of time to respond both to plaintiff's outstanding discovery and motion to strike, and Puls' request was granted. Puls was directed by order to respond to plaintiff's motion to strike by October 13, 2022, and the return date of plaintiff's motion was adjourned to October 27, 2022 (NYSCEF doc. no. 93).
Notwithstanding the court's allowances for additional time to provide discovery and respond to the sanctions motion, Puls did not comply with this court's order. Despite being aware of plaintiff's intention to seek the drastic remedy of striking his answer, Puls did not interpose [*4]any opposition to this motion. Rather, plaintiff separately moved this court, in motion sequence number 007, to amend his answer to the complaint with additional defenses of anticipatory breach and counterclaims based on information produced by other parties in discovery (Notice of Motion, NYSCEF doc. no. 110).
In motion sequence no. 005, plaintiff requests that the answer of defendant Puls be stricken for his repeated failure to abide by court-ordered deadlines. Plaintiff seeks the 'ultimate penalty' against Puls (Pezhman v Dep't of Educ. of City of New York, 95 AD3d 625, 625—26, [1st Dept 2012]["[e]xtreme conduct is required before imposition of the ultimate penalty—striking the answer"] citing, Dauria v City of New York, 127 AD2d 459, 460 [1st Dept 1987]).
It is well settled that the drastic remedy of striking a party's pleading, pursuant to CPLR 3126, is appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious, or due to bad faith (McGilvery v New York City Transit Auth., 213 AD2d 322, 324 [1st Dept 1995] citing, Remuneration Planning & Services Corp. v Berg & Brown, Inc., 151 AD2d 268, 269). Willful and contumacious conduct can be inferred from a party's repeated failure to comply with discovery demands or orders without reasonable excuse (Commisso v Orshan, 85 AD3d 845, [2d Dept 2011]["The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse].
Puls has provided no excuse for his failure to provide discovery and, despite multiple warnings from this court during discovery conferences, failed to abide by this court's directives to timely respond (id.). Puls provided no response to the instant motion and has offered no opposition nor made any attempt to defend against plaintiff's claims. Puls does not, in any way, address his own discovery failures, or provide this court with information regarding his efforts to obtain responsive documents. Neither does he provide any explanation for why he failed to abide by this court's multiple directives nor assert any defense to plaintiff's motion. Puls generally fails to present any argument that would demonstrate a lack of willful or contumacious intent.
Here, Puls' willful conduct is evidenced through his failure, over an extended period of time, to comply with this court's discovery directives. "Uncontested evidence of discovery noncompliance by defendant warranted the striking of his answer" (Varvitsiotes v Pierre, 260 AD2d 297 [1st Dept 1999]).
Accordingly, defendant Puls' answer is stricken pursuant to CPLR 3126,[FN1]
and Puls' request to amend his answer (mot. seq. no. 007) is denied as futile. 

 Motion Sequence No. 006
Motion to Amend Defendant Lyster's Answer
In motion sequence 006, Lyster seeks leave to file an amended answer to assert counterclaims against plaintiff and to add additional affirmative defenses. The basis for these [*5]claims, according to Lyster, arises from discovery provided by plaintiff, that allegedly identified obligations plaintiff failed to meet in the Funding Agreement between the parties (Lyster Memo. of Law, NYSCEF doc. no. 106, pg. 3). Lyster seeks leave to assert a counterclaim for breach of contract against plaintiff, for plaintiff's purported failure to adequately fund Puls Haney LLC, and which, according to Lyster, led to its ultimate demise. Lyster submits that the documents evidencing the purported breach were not previously known to him and were obtained for the first time during discovery.
Lyster further seeks leave to assert an affirmative defense of repudiation and/or anticipatory breach based upon the existence of a purported agreement between plaintiff and defendant Puls, whereby, it is alleged, Puls agreed to assume the rights and obligations of defendants under the funding agreement (Lyster Memo. of Law, NYSCEF doc. no. 106, pg. 3).
Plaintiff opposes the Lyster amendments on the grounds that the amendments are untimely and lack merit. Plaintiff asserts that Lyster's proposed amendments are based upon a misreading of the funding agreement, and disputes that Puls, as a signatory, and Lyster, a nonparty, have any private right of action under the agreement (NYSCEF doc. no. 127 pg. 1). Plaintiff asserts that they are prejudiced by the amendment and asks that this court deny leave to amend.
It is well settled that "leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015] [citation omitted]). "[A] party opposing leave to amend 'must overcome a heavy presumption of validity in favor of [permitting amendment]'" (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012] [internal citation omitted]). A party must demonstrate prejudice or surprise or that the proposed amendment is palpably insufficient or patently devoid of merit (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]). 
This court does not find that Lyster's proposed counterclaim for breach of contract is palpably insufficient or devoid of merit (see Agbo v Constantin Assoc., LLP, 204 AD3d 599 [1st Dept 2022]). Lyster properly pleads all the elements of a cause of action for breach of contract: the existence of the funding agreement, Lyster's performance under the agreement, plaintiff's breach of the agreement by allegedly failing to provide funding as required by the agreement, and damages in the form of lost contingency fees, lost clients, lost revenue, attorneys' fees, and costs (NYSCEF doc. no. 123, pgs. 15-18). Contrary to plaintiff's contention, defendants are not required to demonstrate the merit of their proposed breach of contract claim (see MBIA Ins. Corp., 74 AD3d at 500). 
Plaintiff does not sufficiently allege any prejudice that would come from this amendment. The funding agreement, and the responsibility of the parties thereto, are squarely at issue in this litigation. Defendants should, to the extent practicable, be able to assert all viable defenses thereunder.

CONCLUSION
Accordingly, it is hereby
ORDERED that plaintiff's motion for default judgment against defendant Haney is granted (motion sequence no. 002), with inquest to be held at the time of trial or other resolution of this matter; and it is further
ORDERED that plaintiff's motion to strike the answer of defendant Puls is granted (motion sequence no. 005), and the answer of Kelly Puls is stricken in its entirety; and it is [*6]further
ORDERED that this action is severed and shall continue against defendant Chris Lyster; and it is further
ORDERED that defendant Chris Lyster's motion for leave to amend is granted (motion sequence no. 006), and the updated amended answer in the proposed form annexed to the moving papers (NYSCEF doc. no. 123) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further
ORDERED that plaintiff shall serve an answer to any counterclaims or otherwise respond thereto, to the extend required, within 20 days from the date of said service; and it is further
ORDERED that defendant Puls motion to amend his answer (motion seq. no. 007) is denied as moot.
DATE 07/31/2023
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:The court notes the partial opposition of defendant Lyster (NYSCEF doc. no. 92), who opposes the striking of Puls answer only to the extent that, in doing so, it impedes defendant Lyster's ability to interpose a defense to plaintiff's claims. It is this court's order that the striking of Puls answer in no way affects the ability of the remaining defendants to impose any affirmative defense available to him/her under law.