| **Prigarina v Shain** |
|:---:|
| 2025 NY Slip Op 31213(U) |
| April 10, 2025 |
| Supeme Court, New York County |
| Docket Number: Index No. 100138/2022 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYNN R. KOTLER** | PART 08 |
| *Justice* | |

---------------------------------------------------------------------X

VIKTORIA PRIGARINA,

                              Plaintiff,

               - v -

LEE SHAIN,

                          Defendant.

---------------------------------------------------------------------X

**INDEX NO.** 100138/2022

**MOTION DATE** 07/12/2024, 10/29/2024, 02/10/2025

**MOTION SEQ. NO.** 005 008 009

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 005) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90

were read on this motion to/for                        DISMISSAL         .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 62, 63, 64, 65, 91

were read on this motion to/for                        SEAL         .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 92, 93, 94, 95, 96, 97, 98, 99

were read on this motion to/for                        SEAL         .

Upon the foregoing documents, this motion is decided as follows. *Pro se* plaintiff, Viktoria Prigraina ("Prigarina"), is suing defendant Lee Shain ("Shain") for negligence and seeks damages in the amount of $4,000,000 with interest from July 15, 2007 plus punitive damages. In conclusory fashion, plaintiff alleges in her complaint, *inter alia*, that defendant improperly treated her from 2003-2019, and thereby breached a fiduciary duty, breached an unspecified contract, committed fraud, violated state protection statutes, violated "the standard of care in terms of negligently diagnosing and treating the patient, committed malpractice, took advantage of patient", etc. Plaintiff further alleges that she treated with the defendant who provided therapy services on a weekly basis, who in turn diagnosed plaintiff with "hereditary mental illness and []

100138/2022  PRIGARINA, VIKTORIA vs. SHAIN, LEE
Motion No. 005 008 009

Page 1 of 8

bipolar" and "insisted [plaintiff] see only the psychiatric provider she selected for [plaintiff]".

Plaintiff otherwise complains that defendant "made derogatory statements" about people in

plaintiff's life which "created and deepened severe dependency on the therapist and regression".

Defendant Shain now moves to dismiss the complaint pursuant to CPLR 3126 on the

grounds that Prigarina has repeatedly failed to comply with pre-trial discovery demands.

Prigarina opposes the motion, arguing that she responded to the discovery demands while

exercising her right to object to certain demands and dealing with substantial personal and

mental health challenges.

Motion sequences five, eight and nine are hereby consolidated for the court's

consideration and disposition in this single decision/order.

Facts

The following are the relevant facts. Prigarina was a patient of Shain, a licensed therapist,

from December 2003 to March 2019. On February 4, 2022, Prigarina filed the instant action,

alleging breach of fiduciary duty, breach of contract, fraud, violation of state consumer

protection laws, malpractice, negligence, therapeutic abuse, invasion of privacy, intentional

infliction of emotion distress and violation of professional ethical rules and boundaries. Prigarina

alleges that Shain misdiagnosed her with a hereditary bipolar disorder and gave her medication

which led to a severe depression and psychological issues, exploited Prigarina for personal gain,

conducted unethical business practices, and caused emotional and psychological harm resulting

in the loss of employment and deterioration of personal relationships.

On October 3, 2022, Shain served Prigarina with the Verified Answer, Combined

Demands, Notice of Examination Before Trial and Demand for Discovery and Inspection on

Plaintiff via mail at her home address. On October 25, 2022, Shain filed a Request for a

[* 2]

Preliminary Conference. On November 18, 2022, Prigarina emailed Shain's counsel seeking additional time to respond to the discovery demands and asked for an extension to February 28, 2023. Shain's counsel responded on the same day, granting an extension to January 18, 2023.

On January 8, 2023, Prigarina, through a family attorney, Marjorie Sudrow ("Sudrow"), emailed Shain asking for that the deadline to respond to the discovery demand be extended to March to allow Prigarina to recover from out-patient medical procedures. On January 10, 2023, the Court "so-ordered" the preliminary conference order that was submitted by the parties. The Preliminary Conference Order directed Prigarina to respond to Shain's demands by March 31, 2023.

On March 20, 2023, 11 days before the discovery deadline, Sudrow emailed Shain again, stating that she had urged Prigarina to retain counsel on the matter, but that Prigarina was having difficulty finding a lawyer willing to take the case and requested an additional three-month extension to June 30, 2023, to allow Prigarina to find a lawyer, to review the relevant documents, and to respond to the discovery demands. Shain did not consent to a further extension.

On March 31, 2023, Prigarina emailed Shain, informing him that due to her health issues she was unable to provide the documents requested in the preliminary conference order or secure counsel to represent her, but that she "should be able to complete these preparations in the following months".

On April 18, 2023, defendant contacted plaintiff in an attempt/effort to resolve the outstanding discovery issues to no avail.

On May 23, 2023, Shain filed a motion to dismiss due to Prigarina's failure to respond to discovery requests. Prigarina did not submit opposition to the motion but requested a stay from the court. On August 22, 2023, the court granted plaintiff's application for a stay of this action

for three months (motion sequence 3) and calendared this action for December 12, 2023 for a status conference. The August 22, 2023 order also calendared motion sequence 2 for an order precluding plaintiff from offering evidence at trial or compelling plaintiff to provide with her discovery obligation in this action.

On December 6, 2023, Prigarina filed another Order to Show Cause (motion sequence 4) requesting that the court "adjourn the motion sequence 2 and the status conference scheduled for 12/12/23". The Court heard oral argument on January 24, 2024.

On March 11, 2024, the Court issued an order denying motion sequence 4 as moot and granting motion sequence 2 "to the extent that it will give plaintiff **ONE FINAL OPPORTUNITY** to respond to defendant's outstanding demands served on October 3, 2022, **within 60 days**" and that "[p]laintiff's failure to timely respond to defendant's demands shall result in an order dismissing the action absent a showing of good cause in writing." The Decision/Order also provides that "plaintiff brought this action approximately eighteen months ago. Since that time, this action has been at a standstill."

On May 10, 2024, Prigarina responded to the October 3, 2022 Demand for Verified Bill of Particulars, and objected to almost every demand, only providing her home address. Prigarina objected to the demands generally as imposing undue discovery duties and obligations, for being broad and unduly burdensome, for not being relevant, for harassment, for asking for documents outside of her possession custody, or control, for seeking privileged or confidential information, for making assumptions or characterizations about facts or law, for being overbroad, for being ambiguous, for being misleading and for being premature. Prigarina specifically objected to the question regarding "the dates and times of the day of the alleged negligent acts and/or omissions which will be alleged against the defendant" with the following:

100138/2022 PRIGARINA, VIKTORIA vs. SHAIN, LEE
Motion No. 005 008 009

Page 4 of 8

[* 4]

In addition to the General Objections, I object to this Demand as unduly burdensome and overbroad. I further object to this Demand as vague and ambiguous, including with respect to the terms "the dates and times of the day." I further object to this Demand because it seeks information in the possession of, known to, or otherwise equally available to the defendant. I further object to this Demand to the extent it appears calculated to harass I further object to this Demand as it appears to presuppose the involvement of medical doctors, which is misleading. The primary injuries sustained are a direct result of the therapeutic relationship.

The majority of her other responses contained the same or similar objections as the one above.

Prigarina refused to provide the following: date of birth, dates and times of the alleged negligent acts, dates and times of the alleged intentional acts against Prigarina, location of the acts, a statement regarding each alleged act of negligence, commission or omission which the claim of malpractice will be based upon, how and when Shain invaded Prigarina's privacy, how and when Shain violated Prigarina's trust, how and when Shain verbally abused Prigarina, how and when Shain engaged in unethical business practices, how and when Shain breached his fiduciary duty, information regarding the termination process, how Shain breached the contract, how and when Shain engaged in fraudulent conduct, what treatment was performed without Prigarina's consent, what improper treatment was administered, what injuries Prigarina sustained as a result of the alleged negligence and malpractice, amounts claimed as special damages, and information regarding lost wages as a result of the alleged malpractice.

On July 12, 2024, Shain filed motion sequence 5, seeking dismissal for failure to comply with pre-trial discovery. Prigarina did not oppose the motion, and the motion was marked as fully submitted on August 12, 2024.

100138/2022  PRIGARINA, VIKTORIA vs. SHAIN, LEE
Motion No. 005 008 009

Page 5 of 8

On August 30, 2024, Prigarina filed a letter with the court asking for an adjournment without consent from her adversary to October 8, 2024, to give her time to submit her opposition to the motion.

On September 11, 2024, Prigarina moved via Order to Show Cause (motion sequence 6) to stay the action and not consider motion sequence 5 until the stay is lifted, or in the alternative to give her more time to find an attorney.

On November 18, 2024, the court issued the following decision:

Pro se plaintiff's order to show cause (sequence 6) for indefinite stay and to 'not consider motion sequence 5 until the stay is lifted' or alternatively, time to find legal counsel, is denied. This case has languished while plaintiff has proffered numerous excuses for why she cannot prosecute this action. The court sympathizes with the difficulties plaintiff has experienced but this case cannot stagnate forever. To hold otherwise would cause undue prejudice to defendant and constitute a waste of public-funded judicial resources. Moreover, plaintiff has already received numerous, lengthy periods of time during this case when she could have sought and retained legal counsel or otherwise move this case forward. The court is unconvinced by plaintiff's submissions on this motion that she has diligently undertaken meaningful efforts to retain new counsel which will prove to be fruitful.

The court gave Prigarina until on or before December 6, 2024, to submit opposition to motion sequence 5.

On December 7, 2024, one day after the court deadline, Prigarina filed opposition to motion sequence 5 and included several letters from doctors who had treated her describing the difficulties she had been going through physically and mentally, her inability to work, that she had been on state disability, her inability to represent herself due to the stress and suggesting that the case should be stayed to allow her to secure legal counsel and improve her physical and mental health.

The Court heard oral argument on December 10, 2024 and reserved decision.

Discussion

100138/2022  PRIGARINA, VIKTORIA vs. SHAIN, LEE
Motion No. 005 008 009

Page 6 of 8

Striking a pleading for failure to provide discovery is a drastic remedy and should not be granted absent a showing that the non-disclosure was willful, contumacious or due to bad faith (*McGilvery v New York City Tr. Auth.*, 213 AD2d 322, 324 [1st Dept 1995]; *Youwanes v Steinbrech*, 193 AD3d 492 [1st Dept 2021]). "Willful and contumacious behavior can be inferred by a failure to comply with court orders, in the absence of adequate excuses" (*Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011]). Chronic noncompliance with deadlines impairs the efficiency of the courts and impedes the adjudication of claims and can leave cases to linger for years without resolution (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81 [2010]).

Despite filing this action in February 2022, over three years later Prigarina has not only failed to exchange any discovery with defendant, but also has failed to comply with numerous court orders. Prigarina repeatedly asked for extensions of time to respond to discovery demands that the court granted over objection by defendant. Prigarina never responded to any discovery demands or made any good faith efforts to comply with her discovery obligations as a plaintiff. Moreover, when Prigarina did finally respond to the Demand for Verified Bill of Particulars, she objected to every demand and only provided her address. Her response did not provide any particulars on the allegations she made against Shain. She did not provide any information on what actions Shain took that were negligence, fraudulent, involving malpractice, or otherwise harmful to Prigarina during her time as a patient. The court considers this information that ought to have been disclosed pursuant to CPLR 3126 as material and relevant and was willfully withheld by plaintiff

Plaintiff commenced this action over three years ago and has the obligation to prosecute it. This case has languished for years. The Court acknowledges the difficulties being a *pro se* litigant. However, the court has granted plaintiff numerous adjournments, extended discovery

100138/2022  PRIGARINA, VIKTORIA vs. SHAIN, LEE
Motion No. 005 008 009

Page 7 of 8

7 of 8

deadlines, and granted stays in the action without any meaningful prosecution of this action or advancement of the discovery process. On this record, defendant has established that the plaintiff's failure to provide discovery is willful and contumacious and warrants an order dismissing the complaint pursuant to CPLR 3126.

Based on the foregoing, defendant's motion to dismiss (motion sequence 5) is granted.

In light of the court granting defendant's motion to dismiss (motion sequence 5), motion sequences eight and nine are denied as moot.

**Conclusion**

Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss, motion sequence five, is granted and plaintiff's complaint is dismissed pursuant to CPLR 3126; and it is further

**ORDERED** that motion sequence eight and nine are denied as moot; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

_____4/10/2025_____
DATE

_____
LYNN R. KOTLER, J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

100138/2022   PRIGARINA, VIKTORIA vs. SHAIN, LEE
Motion No. 005 008 009

Page 8 of 8

8 of 8