Kuznitz v Funk (2025 NY Slip Op 04890)

Kuznitz v Funk

2025 NY Slip Op 04890

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-03914
 (Index No. 719006/20)

[*1]Susan Kuznitz, et al., respondents, 
v
Rhonda Funk, etc., appellant.

Jeffrey I. Schwimmer, New York, NY, for appellant.
Goidel & Siegel, LLP (Joshua Annenberg, New York, NY, of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 28, 2022. The order, among other things, denied those branches of the defendant's motion which were pursuant to CPLR 3126 to strike the complaint or, in the alternative, to preclude the plaintiffs from introducing evidence on the issue of damages at trial.
ORDERED that the order is affirmed, with costs.
This action arises out of an alleged assault that took place in January 2013. After several years of discovery, the defendant moved, inter alia, pursuant to CPLR 3126 to strike the complaint or, in the alternative, to preclude the plaintiffs from introducing evidence on the issue of damages at trial, due to the plaintiffs' purported noncompliance with certain discovery demands and orders. The Supreme Court, among other things, denied those branches of the motion. The defendant appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Edwards v Freedom Church of Revelation, 230 AD3d 740, 741 [internal quotation marks omitted]; see Preferred Westchester Props., Inc. v Fay Realty, LLC, 226 AD3d 835, 836). "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Edwards v Freedom Church of Revelation, 230 AD3d at 741 [internal quotation marks omitted]; see Hawkins v City of New York, 237 AD3d 1069, 1069-1070).
Here, there was insufficient evidence to establish that the plaintiffs failed to substantially comply with their discovery obligations or that their conduct was willful and contumacious. Moreover, the defendant failed to demonstrate, by clear and convincing evidence, that the plaintiffs perpetrated a fraud upon the Supreme Court (see generally CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318). The defendant likewise failed to demonstrate that the plaintiffs violated 22 NYCRR 202.17(b)(1), since, among other things, there was no evidence that the [*2]defendant served the plaintiffs with a notice of physical examination (see Hamilton v Miller, 23 NY3d 592, 600; Ashkenazy v New York City Hous. Auth., 27 AD3d 500, 501). Finally, the court providently exercised its discretion in declining to preclude the plaintiffs from offering expert testimony pursuant to CPLR 3101(d)(1) (see Mazzurco v Gordon, 173 AD3d 1001, 1002; EIFS, Inc. v Morie Co., 298 AD2d 548, 550).
Under these circumstances, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3126 to strike the complaint or, in the alternative, to preclude the plaintiffs from introducing evidence on the issue of damages at trial (see 22 NYCRR 202.17[b][1]; Gibson v Delemos, 231 AD3d 710, 712; Preferred Westchester Props., Inc. v Fay Realty, LLC, 226 AD3d at 836; Gregorian v New York Life Ins. Co., 211 AD3d 706, 708).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court