SJI Renewable Energy Ventures, LLC v REV LNG, LLC
2026 NY Slip Op 03519
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

SJI Renewable Energy Ventures, LLC et al., Plaintiffs-Respondents,
v
REV LNG, LLC et al., Defendants, REV LNG Holdings, LLC, Defendant-Appellant.

Decided and Entered: June 04, 2026
Index No. 652453/25|Appeal No. 6798|Case No. 2025-07961|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Norton Rose Fulbright US LLP, New York (Steve Dollar of counsel), and Norton Rose Fulbright US LLP, Austin, TX (Peter A. Stokes of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Elizabeth A. Hellmann of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about November 10, 2025, which denied the motion of defendant REV LNG Holdings, LLC (Holdings) pursuant to CPLR 7601 for an order compelling plaintiff SJI Renewable Energy Ventures, LLC (SJI Renewable) to engage in the appraisal process set forth in the parties' agreement to determine the buyout price of defendant REV LNG, LLC (the Company), and for a stay of the action under CPLR 7503(a), unanimously affirmed, with costs.
The Company is a supplier and distributor of liquid natural gas, compressed gas, and renewable natural gas. It also services renewable natural gas production infrastructure, including systems used to produce renewable natural gas from cow manure at dairy farms. Originally, Holdings owned 100% of the Company. However, in or around December 2020, SJI Renewable purchased a 35% interest in the Company for approximately $10.5 million.
Pursuant to the parties' fourth amended and restated limited liability company agreement (LLC agreement), SJI Renewable agreed to purchase additional interests in the Company if the Company reached certain EBITDA-related financial milestones. Upon achievement of these milestones, SJI Renewable would acquire the remaining interest in the Company at a purchase price calculated, in part, by multiplying the Company EBITDA, i.e., "the net income before interest, taxes, depreciation and amortization of the Company for" a one-year calculation period, together with the FMV Multiple, i.e., "the fair market multiple of EBITDA based on market comparisons of entities with similar vertical business lines to the Company and acquisitions of companies with similar vertical business lines to the Company."
As relevant here, section 11.7(a) of the LLC agreement sets forth the process for initiating the buyout of Holdings' interest, calculating the purchase price, and resolving disputes relating to those determinations. At the outset, Holdings was required to provide SJI Renewable with a statement "setting forth in reasonable detail its determination of [the] Company EBITDA and the FMV Multiple for the applicable Calculation Period (each such determination of the FMV Multiple, an 'FMV Calculation')." Then, under section 11.7(b), SJI Renewables had a 30-day review period during which the Company was required to provide its books and records.
[*2]
During the review period, SJI Renewables could object, in whole or in part, to the FMV Calculation by delivering a written notice of objection. Thereafter, the parties would engage in good faith negotiations to resolve their disputes, and if their disputes could not be resolved, the parties would submit "the still-disputed items of the FMV Calculation" to appraisers. If, after retaining these appraisers, the parties were still unable to resolve their dispute, then "the still-disputed items of the FMV Calculation" would be referred to an independent appraiser whose resolution of the dispute "shall be final and binding on the parties." The LLC agreement is governed by Pennsylvania law.
Based on the unambiguous terms of the LLC agreement, Supreme Court properly determined that the dispute resolution process described in section 11.7 of the LLC agreement only applied to calculations regarding the FMV Multiple. Under section 11.7(a), the defined term "FMV Calculation" only encompassed the "determination of the FMV Multiple," not the determination of the Company EBITDA. As a result, there is no basis to conclude that the parties' intended for the Company EBITDA to also be part of section 11.7's appraisal and dispute resolution process (see Meeting House Lane, Ltd. v Melso, 427 Pa Super 118, 126, 628 A2d 854, 857 [Pa Super Ct 1993], appeal denied 537 Pa 633, 642 A2d 486 [1994] ["the parties have the right to make their own contract, and it is not the function of a court to rewrite it or to give it a construction in conflict with the accepted and plain meaning of the language used"]). Accordingly, Holdings' motion to compel plaintiffs to participate in the appraisal process under section 11.7 was providently denied.
Contrary to Holdings' contention, SJI Renewable's objection notice did not expand the scope of the appraisal process by including objections to the calculation of the Company EBITDA. Although section 11.7(b) provides that SJI Renewable may "object, in whole or in part, to the FMV Calculation Statement" — which sets forth "in reasonable detail [Holdings'] determination of [the] Company EBITDA and the FMV Multiple" — through its written notice, section 11.7(b) only directs the parties to "refer the still-disputed items of the FMV Calculation" to their respective retained appraisers. As a consequence, the appraisal process relates solely to the FMV Calculation (and thus, only the FMV Multiple), and SJI Renewable's inclusion in its objection notice of objections to Holdings' calculation of the Company EBITDA and other items aside from the FMV Multiple did not serve to place those items within the ambit of the section 11.7 process (see DompÉ Farmaceutici S.P.A. v Lubris, LLC, 199 AD3d 515, 516 [1st Dept 2021] [where the agreement contains "a narrow arbitration clause, the question is whether Count X is on its face within the purview of the clause"] [internal quotation marks omitted]).
[*3]
For similar reasons, the court also providently denied the branch of Holdings' motion seeking a stay of the action under CPLR 7503(a) because the valuation process "would not resolve all the issues raised in the complaint, and . . . a valuation at this stage of the dispute would only lead to more litigation and delay" (Agbo v Constantin Assoc., LLP, 204 AD3d 599, 599 [1st Dept 2022]; see also Matter of Penn Cent. Corp. [Consolidated Rail Corp.], 56 NY2d 120, 130 [1982]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026